EDMONDSON, Circuit Judge:
After his habeas petition, 28 U.S.C. § 2254, was denied, on its merits, by the District Court, Petitioner filed a motion for relief from the District Court’s judgment pursuant to Federal Rule of Civil Procedure 60(b).
Briefly stated, the basis for this motion was Petitioner’s assertion that, despite his court-appointed lawyer’s repeatedly promising to do so, the lawyer failed to raise a specific federal habeas claim which Petitioner believed to be particularly strong. (Other claims were raised.) Petitioner’s motion further asserted that his lawyer did not inform him of this omission even after Petitioner’s habeas petition was filed. Petitioner says he did not learn that the pertinent claim was left out until he received a copy of the federal habeas petition after the District Court had already denied the petition. The District Court considered and denied — on its merits — Petitioner’s Rule 60(b) motion; we vacate and remand with instructions to dismiss the motion for lack of subject-matter jurisdiction.
BACKGROUND
With the assistance of his court-appointed counsel (M.B.), Petitioner — a Florida state prisoner — filed a petition for a writ of habeas corpus in federal court, raising several claims. The District Court denied the petition on the merits. Following this decision, Petitioner, by his counsel, filed a *1370 series of motions with the District Court. Petitioner then filed a pro se motion for relief from the judgment pursuant to Rule 60(b).[1]
In the Rule 60(b) motion, Petitioner alleged that he had repeatedly instructed his court-appointed habeas lawyer, M.B., to challenge the lawfulness of the admission at Petitioner’s trial of a co-defendant’s confession; the habeas challenge was to be grounded on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Petitioner further alleged that M.B. had promised to include this Bruton claim in Petitioner’s federal habeas petition. But no such claim was included in the habeas petition that M.B. filed with the District Court. Petitioner says he remained unaware of the omission because M.B. sent him only the verification page of his habeas petition: Petitioner was required to sign this page. Petitioner says that he, trusting in his lawyer, signed and returned this one page without ever seeing the actual petition.
Petitioner further alleges that M.B. did not alert him to the omission, even when Petitioner mentioned the Bruton issue during a telephone conversation with M.B. after the State submitted its 256-page response to the filed habeas petition. According to Petitioner, he did not learn that M.B. had left out the Bruton claim until after his habeas petition had been denied. Petitioner’s 60(b) motion characterized M.B.’s acts as “misrepresentations rising to the level of gross attorney negligence and/or outright abandonment of [Petitioner’s] most viable constitutional claim,” entitling Petitioner to relief from the District Court’s judgment.[2]
The District Court considered and denied — on its merits — the Rule 60(b) motion; this appeal followed.
DISCUSSION
At the outset, we must decide whether Petitioner’s motion for relief from the District Court’s judgment was a true Rule 60(b) motion or was instead, as the State asserts, a second or successive habeas petition that should have been dismissed for lack of jurisdiction (because Petitioner did not comply with the requirements for such petitions).
*1371 In resolving this issue, we must ensure that Rule 60(b) is not used to circumvent the restrictions governing federal habeas corpus proceedings set forth by statute: the Antiterrorism and Effective Death Penalty Act (“AEDPA”). While Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, it cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AED-PA requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005); see also 28 U.S.C. § 2244(b)(3)(A).
The Supreme Court’s decision and opinion in Gonzalez are instructive on this issue. The Supreme Court said that a habeas petitioner filing a 60(b) motion should be held to the standards of section 2244(b) if his motion contains a “claim” as the term is used in that section — that is, “an asserted federal basis for relief from a state court’s judgment of conviction.” Gonzalez, 125 S.Ct. at 2647.
Raising such a claim in a Rule 60(b) motion is an improper attempt to avoid AEDPA’s second-or-successive restrictions and is not permitted. See 28 U.S.C. § 2244(b)(2) (requiring a new claim presented in a second or successive habeas petition to be dismissed unless it relies on either a “new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,” or a new factual predicate that “could not have been discovered previously” and that would establish the petitioner’s innocence by clear and convincing evidence). But a Rule 60(b) motion can be appropriate where a petitioner “does not assert, or reassert, claims of error in [his] state conviction.” Gonzalez, 125 S.Ct. at 2651. For example, a 60(b) motion can properly be used just to “assert[ ] that a previous ruling which precluded a merits determination was in error,” id. at 2648 n. 4, or just to attack “some defect in the integrity of the federal habeas proceedings,” id. at 2648.
When, a^ is the case here, a federal habeas court has already reached and resolved the merits of a habeas petitioner’s earlier asserted claims, we look at a 60(b) motion challenging that decision with particular skepticism.
As Gonzalez tells us, “[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant’s state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.” Id. at 2648 (emphasis added). But if the federal judgment that is the subject of the 60(b) motion does substantively address the federal grounds that were presented for granting habeas relief, then treating a later motion as properly filed under 60(b) might create an inconsistency with AEDPA.
This clash arises because a motion challenging a federal court’s decision that denied, on the merits, habeas relief is often “effectively indistinguishable” from an assertion that the petitioner actually is entitled to habeas relief: the very definition of a habeas claim. Id. at 2648. But a 60(b) motion just attacking a true “defect in the integrity” of the habeas proceedings would not be problematic, because such an attack does not itself raise a claim for habeas relief.
Potential inconsistency with AEDPA looms even where, as here, a Rule 60(b) motion does not itself raise new claims for habeas relief, but rather seeks permission to do so in further proceedings. Gonzalez tells us that, even though such a motion may not directly assert errors in the petitioner’s underlying conviction, it still must *1372 be treated as a second or successive habeas petition:
Using Rule 60(b) to present new claims for relief from a state court’s judgment of conviction — even claims couched in the language of a true Rule 60(b) motion — circumvents AEDPA’s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. Id. at 2647 (emphasis added).
Petitioner’s 60(b) motion is careful to characterize its attack as targeting the omission in the habeas proceeding of his Bruton claim, rather than challenging Petitioner’s state conviction on the merits. But in guarding the respective roles of both AEDPA and Rule 60(b), we cannot ignore the basic objective of this motion: it advances an additional claim for habeas relief. The real problem the motion aims at is Petitioner’s continued confinement, and the objective it seeks is an additional shot at release by asserting a new claim to be considered on its merits. In deciding this appeal we, however, consider more than these things.
Petitioner does contend that specific defects existed in the habeas proceedings: his lawyer’s omission of the Bruton claim after repeatedly promising it would be included and the lawyer’s not advising him of this omission, even when Petitioner mentioned the Bruton claim in a conversation after the State submitted its response to the habeas petition.[3] Petitioner argues that his present motion attacked only M.B.’s misconduct and did not assert claims of error in his state conviction; in his view, this approach rendered his motion a proper 60(b) motion.
But Gonzalez does not allow us to take so broad a view of what constitutes a defect in the integrity of federal habeas proceedings. Where the federal habeas court has already denied the habeas petition on the merits, “an attack based on ... habeas counsel’s omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.” Gonzalez, 125 S.Ct. at 2648 n. 5 (internal citation omitted).
We do not consider Petitioner’s allegations to be out of the ordinary. While Petitioner, in his Memorandum of Law, conclusionally characterized the omission of his Bruton claim as “egregious and/or extraordinary misconduct and misrepresentations,” and as a “fraud upon the court,” he has not alleged that the actual omission of the Bruton claim was, in fact, intentional on M.B.’s part.
Petitioner, in his 60(b) motion’s Statement of Facts, asserts that M.B. promised to include the Bruton claim and ultimately failed to do so, but Petitioner never alleges M.B. actually intended to omit the claim at *1373 the time that M.B. promised to include it or intentionally omitted the claim at the time that it was left out.[4] An omission alone does not amount to a defect in the integrity of the proceedings. See, e.g., Harris v. United States, 367 F.3d 74, 82 (2d Cir.2004) (Rule 60(b) motion alleging that federal habeas counsel had been ineffective for omitting a Sixth Amendment claim “failed in its attack on the integrity of the habeas proceeding”) (cited in Gonzalez, 125 S.Ct. at 2647, as an example of a 60(b) motion that improperly sought to circumvent AEDPA).
Petitioner does allege that M.B. did not disclose the omission to Petitioner, even in their conversation after the habeas petition and the State’s 256-page response were filed and before the District Court issued its decision denying Petitioner habeas relief.[5] But given Petitioner’s own conduct, this allegation does not strengthen Petitioner’s argument in this case for relief based on a defect in the integrity of the proceedings. Petitioner would have known that the Bruton claim had been omitted if Petitioner had actually read the petition before signing its verification; in providing his signature, Petitioner declared to the District Court “under penalty of perjury that the foregoing is true and correct.” This sworn statement was made without Petitioner’s insisting on first seeing the petition’s contents. See Gonzalez, 125 S.Ct. at 2648 n. 5 (noting that an attack based upon “the movant’s own conduct” does not ordinarily challenge the integrity of the proceedings).
Petitioner misled the District Court, giving it the impression that Petitioner knew (or at least had seen) what was in the habeas petition. It is a serious problem for a court to have worked on a habeas petition and decided its merit, only to have a petitioner later come in and say, “Wait, there’s more.” Petitioner was supposed to look at the petition before it was presented to the District Court; and by swearing to the petition’s truth, he represented to the District Court that he had looked at it.[6]
Petitioner does not allege that he misunderstood the verification or that he was in any way kept from seeing and reading the verification to which he knowingly swore. Nor does he even allege that a need for extraordinary urgency existed for his quickly signing and returning the verifying signature page to ensure that the habeas petition was timely filed. And although *1374 Petitioner in his 60(b) motion alleges that he made repeated requests for M.B. to furnish Petitioner with a full copy of his habeas petition, he does not allege that he had made requests before he signed the petition’s verifying signature page. Nor did Petitioner notify the District Court, before the Court ruled on the merits of the habeas petition, that Petitioner had not read the petition and, therefore, that it might be — as far as Petitioner knew — false or misleading (or incomplete).[7] Petitioner’s own conduct misled the District Court and contributed, in a fundamental way, to the claim-omission of which he now complains.[8]
So, Petitioner has pointed out no defect in the integrity of the federal habeas proceedings that would render his Rule 60(b) motion permissible.[9] In his habeas petition, Petitioner presented several claims to the District Court. After he did so and after the District Court denied — on the merits — every claim that Petitioner had raised, AEDPA barred him from raising additional claims without first obtaining this Court’s approval. Petitioner’s motion for relief from the District Court’s judgment, while couched in the terms of a 60(b) motion, was, in effect, an attempt at getting a second opportunity at habeas relief without complying with AEDPA’s requirements.
Petitioner’s motion “is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute.” Id. at 2647 (internal quotation marks and citation omitted).[10]
CONCLUSION
The District Court treated Petitioner’s motion as properly filed under Rule 60(b), considered its substance, and concluded— *1375 on the motion’s merits — that Petitioner was not entitled to relief under that Rule: that the Bruton issue would not justify federal habeas relief.[11] Given the Supreme Court’s teachings in the Gonzalez opinion, this generous approach was an error: Petitioner did not qualify to seek Rule 60(b) relief.
Because we conclude that Petitioner’s motion raised a new habeas claim without first securing this Court’s permission to file a second or successive habeas petition, the District Court lacked subject-matter jurisdiction even to consider Petitioner’s claim. Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir.2007) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003)). We therefore vacate the District Court’s judgment and remand with instructions to dismiss Petitioner’s motion for lack of subject-matter jurisdiction.
VACATED AND REMANDED WITH INSTRUCTIONS.

. Rule 60(b) reads this way:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

. For background, see Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1170-71 (9th Cir.2002) (concluding that the defendant was entitled to 60(b) relief where his lawyer's gross negligence led to a default judgment against the defendant and the lawyer had repeatedly misrepresented to the defendant that the case was proceeding smoothly); Ervin v. Wilkinson, 701 F.2d 59, 61-62 (7th Cir.1983) (remanding for consideration of civil-rights plaintiff's 60(b) motion alleging, in part, that the plaintiff's own lawyer had made affirmative misrepresentations to the plaintiff that led the plaintiff to dismiss voluntarily his action); L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C.Cir.1964) (concluding, where a lawyer made repeated affirmative misrepresentations to his client that the case was proceeding smoothly when the case had in fact been dismissed for failure to prosecute, that Rule 60(b)(6) "is broad enough to permit relief when ... [a lawyer] grossly ... neglect[s] a diligent client’s case and mislead[s] the client”).

. This case is materially different from Zakrzewski v. McDonough, 490 F.3d 1264 (11th Cir.2007) (‘Zakrzewski I"). Zakrzewski is not an omission-by-counsel case. In Zakrzewski, we recognized that a habeas corpus petitioner’s challenge to the authority of a specific lawyer to represent the petitioner at all in federal court stated a valid basis for a 60(b) motion seeking relief from judgment in a section 2254 proceeding: Zakrzewski contended that the lawyer who purported to represent him was totally unauthorized to do so because the pertinent lawyer's ostensible authority had been gained, at the start, by fraud on Zakrzewski and, later, by fraud on the district court. See id. at 1266; Zakrzewski v. McNeil, 573 F.3d 1210, 1211 (11th Cir.2009) ("Zakrzewski II") (summarizing the contents of the pertinent 60(b) motion). But in the present case, no claim has been made that the lawyer, M.B., was entirely without authority to represent Petitioner in the section 2254 proceeding in the District Court. M.B. did, in law and in fact, represent Petitioner, although Petitioner contends that M.B. — by leaving out the Bruton claim — performed carelessly and not as Petitioner instructed and that M.B. did not disclose to Petitioner the omission of the Bruton claim. This case is an omission-by-counsel case.

. In reading the 60(b) motion, we are sensitive to the motion's having been done by the movant pro se. Nevertheless, we are unwilling to infer fraud from factual allegations that are consistent with M.B.’s simply not taking proper professional care. We see insufficient particularity, although conclusory remarks about fraud and misrepresentations do appear in the motion’s Memorandum of Law section.

. Petitioner, in setting out the facts to the District Court, never asserted that M.B. actually knew that the Bruton claim had been, in fact, left out of the 29-page (plus attachments) habeas petition that M.B. filed. And this case is not one in which, after a petition was filed, counsel affirmatively represented that something was in the petition which was actually not in it.

. Petitioner was required by law to verify the petition "under penalty of perjury.” Fed. R. Governing Habeas P. 2(c)(5). The Supreme Court has held that a party represented by counsel and required to verify a filed document can be sanctioned for failing to conduct the inquiry required by Federal Rule of Civil Procedure 11. Bus. Guides, Inc. v. Chromatic Commc’ns Enters., Inc., 498 U.S. 533, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991). See also United States v. Boyle, 469 U.S. 241, 105 S.Ct. 687, 693, 83 L.Ed.2d 622 (1985) (a taxpayer’s reliance on his lawyer's advice will not avoid penalty for late filing of a tax return). In a similar way, Petitioner, although he had legal counsel, must take direct, personal responsibility for verifying a filed document that he never read.

. About ten months passed from the time the petition was filed until it was ruled on by the District Court.

. Given that Petitioner's own misconduct lies at the heart of the omission of his Bmton claim from the habeas petition, today’s result could hang on Petitioner’s conduct alone.

. See, e.g., Ward v. Norris, 577 F.3d 925, 932 (8th Cir.2009) ("Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel.”); Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir.2005) (concluding that a habeas petitioner's Rule 60(b) motion that purported to raise a defect in the integrity of the federal habeas proceedings — based on earlier-habeas counsel’s inexcusable neglect — was actually a second or successive habeas petition, because the motion sought to "tak[e] steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition”). We recall that a petitioner in a federal habeas proceeding has no constitutional right to the effective assistance of counsel. See, e.g., Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (citation omitted). By the way, Petitioner in his 60(b) motion did not contend that he was abandoned by his habeas counsel, M.B. M.B. did litigate several habeas claims to judgment and (by motions) beyond.

. Today’s decision does not create a "categorical rule” against permitting a habeas petitioner to seek 60(b) relief after his previous habeas petition has been denied on the merits. As we have acknowledged, a 60(b) motion still could be properly filed — even after an on-the-merits denial of habeas relief — if the 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings.” Gonzalez, 125 S.Ct. at 2648. We write about and decide today only the case before us, considering its set of facts: considering what facts are present and what facts are absent. Some future habeas petitioner might allege, in a 60(b) motion, different facts that would constitute a defect in the integrity of the federal habeas proceedings; a possibility we leave entirely open. See, e.g., Zakrzewski I, 490 F.3d at 1267-68 (habeas petitioner's use of Rule 60(b) allowed).

. We decide nothing today about the merits of Petitioner's Bruton claim.