[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15252
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22115-MGC

ANTHONY F. MORRIS,

Petitioner-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL STATE OF FLORIDA,
JUDGE NUSHIN SAYFIE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding pro se, Anthony Morris appeals the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, but which the court construed as a 28 U.S.C. § 2254 petition.[1]  After being convicted in state court for first-degree murder and robbery with a firearm, Morris filed an initial federal habeas corpus petition under § 2254 in 2009.  The district court denied the petition as time-barred.  In 2012, Morris filed the instant § 2241 petition challenging the same state criminal judgment.  The district court construed the § 2241 petition as a § 2254 petition and denied it as impermissibly successive.[2]

Sections 2241 and 2254 both govern a single post-conviction remedy, but § 2254 contains additional limitations on a federal court's ability to grant the writ of habeas corpus and applies to all prisoners who are in custody pursuant to the judgment of a state court.  Medberry v. Crosby, 351 F.3d 1049, 1059-60 (11th Cir. 2003).  Prisoners, like Morris, who are in custody pursuant to the judgment of a state court may not avoid the procedural restrictions imposed on § 2254 petitions by nominally bringing suit under § 2241.  See id. at 1060-61; see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008).

---

[1] We review de novo a district court's denial of a § 2254 petition.  McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

[2] The district court granted a certificate of appealability ("COA") on "all claims stated" in the petition.  The government argues that the COA was improvidently granted.  We need not address this argument because we find that Morris's habeas corpus petition must be dismissed for lack of subject matter jurisdiction.

2

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a petitioner can file a second or successive § 2254 habeas petition, he must obtain an order from the court of appeals authorizing the district court to consider the second or successive petition.  28 U.S.C. § 2244(b)(3)(A).[3] Without such authorization, the district court lacks subject matter jurisdiction to consider a second or successive petition.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

We, thus, find that the district court correctly construed Morris's self-styled § 2241 petition as a § 2254 petition and concluded that it was improperly successive.  However, the district court erred by denying the petition rather than dismissing it for lack of subject matter jurisdiction.  See Franqui v. Florida, 638 F.3d 1368, 1375 (11th Cir. 2011).  Accordingly, we vacate the district court's order and remand with instructions to dismiss the petition for lack of subject matter jurisdiction.  We decline to address the merits of Morris's substantive claim because of our determination that his petition was impermissibly successive.

**VACATED and REMANDED.**

---

[3] For a second § 2254 petition to be considered successive, the first § 2254 petition must have been denied or dismissed with prejudice.  Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999).  A denial of a § 2254 petition as untimely is considered to be with prejudice.  Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007).