[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12570
Non-Argument Calendar
_____

D.C. Docket No. 9:95-cr-08089-DTKH-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE BERNARD HUTCHINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Terrance Bernard Hutchins, a federal prisoner proceeding pro se, appeals the

district judge's denial of his motion to oppose an earlier order denying his motion

to dismiss the indictment.  Because we conclude the district judge lacked jurisdiction, we vacate and remand with instructions to dismiss.

## I. BACKGROUND

In 1996, Hutchins was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; he was sentenced to life imprisonment.  In 2000, Hutchins moved to vacate or set aside his sentence under 28 U.S.C. § 2255.  He alleged (1) the government had illegally suppressed evidence, and (2) his enhanced sentence under 21 U.S.C. § 841 was illegal.  The district judge denied the motion to vacate, because he found Hutchins's evidentiary claim was procedurally barred and his sentencing claim failed on the merits.  Hutchins appealed, and we denied a certificate of appealability.  *United States v. Hutchins*, No. 01-15385 (11th Cir. Feb. 25, 2002).

Hutchins subsequently moved to dismiss the indictment in his criminal case for grand jury abuse and prosecutorial misconduct.  Based on his receipt of certain FBI documents, he argued the government had committed abuse before the grand jury by suppressing witness Tony Jones's statement he had no knowledge of Hutchins's involvement in drug dealing.  The district judge denied Hutchins's motion, because Hutchins previously had raised his prosecutorial misconduct claim in his § 2255 motion, which the judge had denied as procedurally barred.

2

Several years later, Hutchins filed this "motion to oppose the district court's order denying [his] motion to dismiss indictment."  R at 20066.  Hutchins argued government witness Jones should have been impeached before the grand jury with the prior inconsistent statement he had made to the FBI.  Hutchins also contended Jones's inconsistent statement should have been included in the criminal complaint that was the basis for his initial arrest, and the government had no other legitimate and independent source to establish probable cause for his arrest.  On April 1, 2013, the district judge summarily denied Hutchins's motion and treated it as a motion for reconsideration of his October 4, 2002, order denying his motion to dismiss the indictment.  On appeal, Hutchins argues the district judge prematurely denied his motion to oppose and improperly construed it as a motion for reconsideration.

## II. DISCUSSION

We review de novo whether a district judge properly exercised jurisdiction over a claim.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam).  Pursuant to 28 U.S.C. § 2255, a federal prisoner seeking relief from his conviction or confinement may file a motion to vacate in district court.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  But a prisoner may not file a second or successive motion under § 2255 without our prior certification.  28 U.S.C. § 2255(h).  Absent our permission, a district judge lacks jurisdiction to

address the motion and must dismiss. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam). We look beyond the label of a prisoner's post-conviction motion to determine if he is seeking relief under § 2255. *See, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (construing a federal prisoner's Rule 60(b) motion as a successive § 2255 petition); *Franqui v. Florida*, 638 F.3d 1368, 1374 (11th Cir. 2011) (construing a state prisoner's Rule 60(b) motion as a successive habeas petition); *Holt*, 417 F.3d at 1175 (construing a motion for *audita querela* as a successive motion to vacate). If a motion seeks to add a new ground for relief from the underlying judgment of conviction, then the court must consider it a second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Gilbert*, 640 F.3d at 1323.

A motion challenging the legality of a conviction should be brought in a § 2255 motion to vacate. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Because Hutchins's motion to oppose challenged the validity of his conviction and life sentence, it was not a motion to reconsider the denial of his motion to dismiss the indictment. Hutchins attacked the validity of his conviction by arguing, if he had been able to use Jones's inconsistent statements to impeach Jones before the grand jury and at trial, then he would not have been convicted because the government had no other legitimate and independent source to establish probable cause for his arrest. By asserting a claim for relief, instead of

4

pointing out a defect in the integrity of the earlier § 2255 motion proceeding, Hutchins's claim is the equivalent of a second or successive motion. *Gilbert*, 640 F.3d at 1323; *Franqui*, 638 F.3d at 1374. Therefore, the district judge should have considered Hutchins's motion to oppose as a second or successive motion to vacate.

Because Hutchins previously had filed an unsuccessful § 2255 motion to vacate his conviction and sentence, he was first required to seek our permission to file a second or successive motion to vacate, which he did not obtain. 28 U.S.C. § 2255(h). Therefore, the district judge erred in denying the motion and should have dismissed it for lack of subject matter jurisdiction.[1] *Holt*, 417 F.3d at 1175. We vacate the district judge's denial of Hutchins's motion to oppose a former order denying his motion to dismiss the indictment and remand with instructions to dismiss.

**VACATED AND REMANDED.**

---

[1] Hutchins has not argued the district judge should have considered his motion under § 2241; therefore, we need not consider that issue. *See United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011).