[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14458-BB
Non-Argument Calendar

_____

D.C. Docket Nos. 4:13-cv-08050-VEH,
4:11-cr-00470-VEH-HGD-1

DON MITCHELL WILBORN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 17, 2016)

Before TJOFLAT, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Don Wilborn appeals the dismissal of his *pro se* Rule 60(b) motion as an

impermissible second or successive 28 U.S.C. § 2255 motion to vacate.  We affirm

the district court's decision to construe Wilborn's Rule 60(b) motion as a successive § 2255 motion to vacate, as his motion sought to present a new ground for relief from a judgment of conviction.  Additionally, we affirm the district court's dismissal of Wilborn's § 2255 motion to vacate, as it was his second such motion and Wilborn failed to first obtain this Court's authorization to file the motion.

We review *de novo* a district court's dismissal of a § 2255 motion as second or successive.  *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). Before a habeas petitioner may file a second or successive § 2255 motion in the district court, the petitioner must obtain an order from this Court authorizing the district court to consider the motion.  28 U.S.C. § 2255(h).  Without authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

We consider a Rule 60(b) motion from the denial of a § 2255 motion a successive motion if it presents a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (addressing a § 2254 habeas petition).  Conversely, we find a Rule 60(b) motion as permissible if "neither the motion itself nor the federal judgment from which it seeks relief

2

substantively addresses federal grounds for setting aside the movant's…

conviction." *Id*. at 533.  For example, we view a Rule 60(b) motion as proper if it:

(1) asserts that a federal court's previous ruling that precluded a merits

determination was in error; or (2) attacks a defect in the federal proceeding's

integrity, such as a fraud upon the court.  *See id*. at 532–35 n. 4–5.

This Court has stated that, when a federal habeas court already reached and

resolved the merits of a habeas petitioner's earlier asserted claims, it views a Rule

60(b) motion challenging that decision with particular skepticism.  *Franqui v.*

*Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) (addressing a § 2254 habeas

petition).  Where the federal habeas court already denied the habeas petition on the

merits, an attack based on habeas counsel's omission of a claim in an original

habeas petition ordinarily does not go to the integrity of the proceedings, but in

effect asks for a second chance for the Court to determine the merits favorably.  *Id*.

at 1372.

Here, the district court correctly determined that Wilborn's Rule 60(b)

motion was a successive § 2255 motion because it sought to present a new ground

for relief from a judgment of conviction.  *See Gonzalez*, 545 U.S. at 531–32.

Wilborn asserted that, due to ineffective assistance of post-conviction counsel,

claims were not raised before the district court, and he would have received relief

had these claims been raised.  Therefore, Wilborn effectively asked for an

3

opportunity to raise these new claims for relief from judgment of his conviction. *See Franqui*, 638 F.3d at 1371–73. Furthermore, Wilborn did not assert in his Rule 60(b) motion that the federal court's previous ruling precluding a merits determination was erroneous or attack a defect in the federal proceeding's integrity, such as a fraud upon the court. Therefore, the district court correctly construed the Rule 60(b) motion as a successive § 2255 petition.

Before Wilborn could file a second or successive § 2255 motion in the district court, he needed an order from this court authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). Wilborn does not assert that he received this authorization. Therefore, the district court correctly dismissed Wilborn's motion as successive. Without authorization, the district court lacked jurisdiction to consider Wilborn's second or successive motion. *See Farris*, 333 F.3d at 1216.

The district court did not err by construing Wilborn's Rule 60(b) motion as a successive § 2255 motion to vacate because his motion sought to present a new ground for relief from a judgment of conviction. Additionally, the district court did not err by dismissing Wilborn's § 2255 motion to vacate, as it was his second such motion, and Wilborn failed to first obtain this Court's authorization to file the motion. Accordingly, we affirm.

**AFFIRMED.**

4