[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15342
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00082-JA-DAB-1

SEAN PETERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sean Peters appeals the dismissal of his pro se Fed. R. Civ. P. 60(b) motion

construed as a second or successive 28 U.S.C. § 2255 motion to vacate his

sentence, following his conviction for possession of child pornography.   His

original § 2255 motion raised, among other things, a claim that his counsel was ineffective at his trial for failing to argue that Peters had been compelled to respond to questioning under threat of employment sanctions, in violation of Garrity v. New Jersey, 385 U.S. 493 (1967) (holding that a public employee may not be coerced into surrendering his Fifth Amendment privilege by threat of being fired or subjected to other sanctions).  The district court denied Peters's § 2255 motion, and concluded that "assuming [Peters] was compelled to make statements, . . . he did not make any incriminating statements, and regardless, the evidence would have been found during the search of [Peters's] residence."  In his Rule 60(b) motion, Peters again raised the Garrity claim in the district court, and noted that the government had misrepresented facts and law about the claim to the district court.  The district court dismissed Peters's Rule 60(b) motion for lack of jurisdiction, holding that the motion simply re-argued his claim, and that he needed permission from this Court to file a second or successive § 2255 motion.  On appeal, Peters briefly argues that his Rule 60(b) motion was proper, and goes on to argue the merits of his Garrity claim.  After thorough review, we affirm.

We review de novo a district court's dismissal of a § 2255 motion as second or successive.  McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).  Before one may file a second or successive § 2255 motion in the district court, one must obtain an order from the court of appeals authorizing the district court to

2

consider the motion. 28 U.S.C. § 2255(h). Without authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). We generally do not consider arguments raised for the first time in a reply brief. United States v. House, 684 F.3d 1173, 1210 (11th Cir. 2012).

A Rule 60(b) motion from the denial of a § 2255 motion is considered a successive motion if it seeks to present a new ground for relief from a judgment of conviction or if it attacks the federal court's previous resolution of a claim on the merits. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (addressing a § 2254 habeas petition). Conversely, a Rule 60(b) motion is permissible if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction." Id. at 533. Thus, a Rule 60(b) motion would be proper, for example, if it: (1) asserts that a federal court's previous ruling that precluded a merits determination was in error; or (2) attacks a defect in the federal proceeding's integrity, such as a fraud upon the court. See id. at 532-35 n.4-5.

We've said that, when a federal habeas court already has reached and resolved the merits of a habeas petitioner's earlier asserted claims, it looks at a Rule 60(b) motion challenging that decision with particular skepticism. Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011) (addressing a § 2254 habeas

petition).  Where the federal habeas court has already denied the habeas petition on the merits, an attack based on habeas counsel's omission of a claim in an original habeas petition ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.  Id. at 1372.  We explained in Franqui that it is a serious problem for a court to have worked on a habeas petition and decided its merit, only to have a petitioner later come in and say, "Wait, there's more."  Id. at 1373.

In this case, the district court correctly determined that Peters's Rule 60(b) motion was a successive § 2255 motion.[1]  Peters previously alleged in his original § 2255 motion that his trial counsel was ineffective for failing to move to suppress evidence based on his compelled statements during the administrative and criminal proceedings.  The district court considered, and rejected, those arguments.  Peters's Rule 60(b) motion again challenged the use of his compelled statements.  As for Peters's claim that his Rule 60(b) motion was alerting the district court about a defect in the proceedings that properly could have been addressed in a Rule 60(b) motion, we are unpersuaded.  As the record reveals, his Rule 60(b) motion raised a

---

[1] Generally, a COA is required to appeal the denial of a Rule 60(b) motion in a § 2255 proceeding.  Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir. 2006).  However, a COA is not needed for this Court to review the district court's dismissal of a successive § 2255 for lack of subject matter jurisdiction because that kind of dismissal does not constitute a final order in a habeas corpus proceeding for purposes of 28 U.S.C. § 2253(c); rather, it constitutes a final decision pursuant to 28 U.S.C. § 1291.  Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004).  Here, a COA is not needed for us to review the district court's order because the district court determined that Peters's motion was an impermissible successive § 2255 motion and dismissed it for lack of subject matter jurisdiction.  See id.

routine, merits-based argument concerning the evidence that was presented at his trial and in his § 2255 proceedings -- not the type of claim that could be addressed in a Rule 60(b) motion.  Thus, because Peters's Rule 60(b) motion attacked a previous resolution of a claim on the merits, the district court correctly construed the Rule 60(b) motion as a successive § 2255 motion.  See Gonzalez, 545 U.S. at 531-32.

Moreover, before Peters could file a second or successive § 2255 motion in the district court, he needed to obtain an order from this Court authorizing the district court to consider the motion.  28 U.S.C. § 2255(h).  Peters does not claim that he received authorization.  Therefore, the district court correctly dismissed Peters's motion as successive, because without authorization, the district court lacked jurisdiction to consider Peters's second or successive motion.  See Farris, 333 F.3d at 1216.  And while Peters argues in his reply brief that his motion attacked a new judgment under Magwood v. Patterson, 561 U.S. 320 (2010), we generally do not consider issues raised for the first time in a reply brief.  House, 684 F.3d at 1210.  Accordingly, we affirm the district court's dismissal of Peters's Rule 60(b) motion.

**AFFIRMED**.