[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12901
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60303-WJZ

JEFNEY PHILISTIN,

                                                          Petitioner-Appellant,

versus

WARDEN,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

    Jefney Philistin, a Florida prisoner proceeding pro se, appeals from the
denial of his post-judgment motion to amend his 28 U.S.C. § 2254 petition. The
district court determined that because Philistin sought to raise a new substantive

claim attacking his conviction and sentence in his motion to amend, the district court lacked subject-matter jurisdiction to consider what would amount to an impermissible second or successive § 2254 petition.  On appeal, Philistin argues that the district court abused its discretion by denying his motion for leave to amend his § 2254 petition.  After careful review, we affirm.

We review de novo whether the district court had subject-matter jurisdiction to hear a matter.  Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007).  We review de novo whether a petition for a writ of habeas corpus is successive for purposes of 28 U.S.C. § 2244.  Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).  We read briefs filed by pro se litigants liberally, but issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

A state prisoner who has previously filed a § 2254 petition in federal court must obtain authorization from this Court before filing a "second or successive" collateral attack on the same conviction.  28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a successive § 2254 petition and must dismiss the claims presented therein.  28 U.S.C. § 2244(b)(4); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009).  A § 2254 petition is "second or successive" if the petitioner filed a prior § 2254 petition attacking the same judgment that was denied or dismissed with prejudice.

2

Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999); see also Patterson, 849 F.3d at 1324. We look beyond the label of a prisoner's filing to determine if he is, in substance, seeking relief under § 2254. See Franqui v. Florida, 638 F.3d 1368, 1374-75 (11th Cir. 2011) (construing a state prisoner's Rule 60(b) motion as a successive habeas petition). A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1).

Rule 15(c) allows for the amendment of a pleading to relate back to the date of the original pleading in certain circumstances. Fed. R. Civ. P. 15(c). A claim "relates back" to the date of the original pleading if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). We've said that Rule 15(c) can be used when a defendant files a timely § 2255 motion, and then later files an untimely amended or supplemental motion raising additional claims relating back to the original claims, so that the untimely claims are not barred by the statute of limitations. Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). In order to relate back in the § 2255 context, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Id. (quotation omitted).

3

Regardless of the context, an original pleading can only be amended under Rule 15 <u>before</u> judgment is entered in the case, and Rule 15 has no application after judgment is entered.  <u>Jacobs v. Tempur-Pedic Int'l, Inc.</u>, 626 F.3d 1327, 1344-45 (11th Cir. 2010); <u>see also</u> <u>Hubbard v. Campbell</u>, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (holding that the district court did not have subject-matter jurisdiction to consider the petitioner's motion to amend his § 2254 petition in 2003, after final judgment had been entered against him on the original petition in 1998, since the motion was really a successive habeas application).

Here, Philistin argues that the district court had jurisdiction to consider his motion for leave to amend because his amended claim -- in which he argued that the state trial court violated due process by failing to have him examined by more than one mental health expert -- related back to his original claim -- in which he argued that his due process rights were violated when the trial court proceeded to trial without conducting a competency hearing.[1]  We disagree.  Looking past the motion-to-amend label, Philistin's motion to amend clearly sought to raise a new <u>substantive</u> claim attacking his conviction and sentence -- this time, a due process claim challenging the number of mental health experts the state trial court had ordered to evaluate him before final judgment in the case.  But Philistin had

---

[1]    Philistin has abandoned any challenge to the district court's denial of his Rule 60(a) motion and motions for rehearing because he has failed to present any arguments regarding these rulings.  <u>Timson</u>, 518 F.3d at 874; <u>Hamilton v. Southland Christian School, Inc.</u>, 680 F.3d 1316, 1319 (11th Cir. 2012).

previously filed a § 2254 petition attacking the same final judgment from the state trial court and the district court had already denied that petition on the merits. Thus, Philistin should have sought authorization from this Court to file a second or successive § 2254 petition; since he did not, the district court lacked subject-matter jurisdiction to entertain his new claim.   See 28 U.S.C. § 2244(b).

Moreover, the "relation-back" doctrine of Fed. R. Civ. P. 15(c) does not apply here.   Rule 15 has no application after final judgment, regardless of whether Philistin's new claim related back to the claim he raised originally.   Jacobs, 626 F.3d at 1344-45; Hubbard, 379 F.3d at 1246-47.   As a result, Philistin could not use Rule 15(c) to amend his § 2254 petition in 2016 after a final judgment had already been entered in 2010.   Accordingly, we affirm.

**AFFIRMED**.