[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17031
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20794-JAL


HENRY A. THOMAS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 14, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Henry A. Thomas, a Florida prisoner serving a 25-year sentence of imprisonment for grand theft and conspiracy to commit grand theft, appeals the dismissal of his *pro se* motion under Rules 60(b) and (d), Fed. R. Civ. P., seeking relief from the judgment denying his 28 U.S.C. § 2254 habeas corpus petition. The district court concluded that Thomas's Rule 60 motion was an impermissible second or successive § 2254 petition. We agree and therefore affirm.

We review issues of subject-matter jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Before a prisoner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

In general, Rule 60 provides a limited basis for a party to seek relief from a final judgment in a civil case, including fraud, misrepresentation, or misconduct by an opposing party. However, the Supreme Court has held that Rule 60(b) motions are to be considered impermissible successive habeas petitions if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). On the other hand, a Rule 60(b) motion in a § 2254 case is not

2

to be treated as a successive habeas petition if it attacks a defect in the federal habeas proceeding's integrity, such as fraud upon the federal habeas court. *Id.* at 532 n.5.

When "a federal habeas court has already reached and resolved the merits of a habeas petitioner's earlier asserted claims, we look at a 60(b) motion challenging that decision with particular skepticism." *Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011). Where the federal habeas court already denied the habeas petition on the merits, an attack based on habeas counsel's omission of a claim in an original habeas petition ordinarily does not go to the integrity of the proceedings but in effect asks for a second chance for the Court to determine the merits favorably. *Id.* at 1372.

Here, the district court properly determined that Thomas's Rule 60 motion was an impermissible successive § 2254 habeas corpus petition. Although Thomas attempted to cast his argument as a fraud claim under Rule 60(b)(3) and (d)(3), he challenged the merits determination of the district court in denying his § 2254 petitions. *See Gonzalez*, 545 U.S. at 531 32, 532 n.5. In particular, Thomas repeated his claim that his convictions were unlawful because the trial court lacked jurisdiction since an information was never filed. This argument was previously considered and rejected by the district court and by us. Accordingly, Thomas's motion, though couched in the terms of fraud, was, in substance, an attempt to

relitigate previous claims that challenged the validity of his conviction. *See Franqui*, 638 F.3d at 1371–72; *Williams*, 510 F.3d at 1295; *Gonzalez*, 545 U.S. at 531–32. Therefore, the district court properly construed Thomas's Rule 60 motion as a successive § 2254 petition.

As Thomas never received our authorization to raise this claim in a successive § 2254 petition, the district court lacked jurisdiction to consider it. *See Farris*, 333 F.3d at 1216. Accordingly, we affirm the district court's dismissal of his construed § 2254 petition for lack of jurisdiction.

**AFFIRMED.**