[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13204
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-22661-UU

DONALD YOUNG,

Petitioner-Appellant,

versus

FCI MIAMI WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Donald Young, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his motion seeking post-judgment relief under Federal Rule of Civil

Procedure 60(b) on the basis that trial counsel provided ineffective assistance in his federal criminal case by coercing him to agree to waive indictment and to plead guilty to a crime he did not commit.

The relevant background is this. Young was convicted and sentenced in 2006 after pleading guilty to retaliation against a witness, in violation of 18 U.S.C. § 1513(a)(1)(B).[1] In 2007, he filed a 28 U.S.C. § 2255 motion to vacate, alleging ineffective assistance of counsel for failing to file a notice of appeal and to raise certain errors at sentencing. That motion was dismissed with prejudice in 2009. In 2017, he filed a § 2241 habeas corpus petition, which was dismissed in part as an unauthorized second or successive § 2255 motion. Then, Young twice sought post-judgment relief under Rule 60(b)(6) in the § 2241 case based on ineffective assistance by trial counsel. This appeal arises from the summary denial of the second Rule 60(b) motion, filed in July 2019.

On appeal, Young argues that he is entitled to relief under Rule 60(b)(6) because of ineffective assistance of trial counsel during his federal criminal case and because he was actually innocent of the offense. He requests that we vacate his conviction and sentence and acquit him of all charges.

---

[1] The 78-month federal prison sentence was imposed to run consecutive to an undischarged state sentence.

Rule 60(b)(6) is a catchall provision that permits reopening of a judgment when the movant shows "any . . . reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). "Relief from judgment under Rule 60(b)(6) . . . requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted).

At the outset, we must address whether the district court had jurisdiction to consider Young's Rule 60(b) motion. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." (quotation marks omitted)). We review jurisdictional issues *de novo*. *Id.* We liberally construe *pro se* filings "to discern whether jurisdiction . . . can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991).

Although Rule 60(b) generally applies in § 2255 cases, the rule cannot be used to circumvent restraints on filing second or successive § 2255 motions. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking to file a "second or successive" § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Id.*; 28 U.S.C. § 2255(h) (outlining the requirements an applicant must meet to obtain an order

3

authorizing a successive § 2255 motion).  Without authorization from a court of appeals, the district court lacks jurisdiction to consider a successive motion.  *Farris*, 333 F.3d at 1216.

So, we must determine whether permitting a movant to bring a motion under Rule 60(b) "would be inconsistent with the restrictions imposed on successive petitions by the AEDPA."  *Williams*, 510 F.3d at 1293.  To do so, we must identify the type of argument presented in the Rule 60(b) motion.

Where the Rule 60(b) motion presents a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits, we will treat the motion as, in substance, a successive § 2255 motion that must comply with AEDPA's restraints on successive motions.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a § 2254 habeas petition).  But where the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is properly brought under Rule 60(b) and is not subject to those same restraints.[2]  *Id.*

---

[2] For example, there is no bar to filing a Rule 60(b) motion that alleges a "fraud on the federal habeas court" or that "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4 & 5 (2005).

Here, we are required to construe Young's Rule 60(b) motion as a successive § 2255 motion. The motion did not raise any defect in the integrity of the original § 2255 proceeding. *See id.* Rather, it raised new claims for relief from his conviction and sentence. *See id.* In particular, Young alleged in the motion that trial counsel provided ineffective assistance in his federal criminal case by coercing him to waive indictment and advising him to plead guilty to a crime he was actually innocent of.

Because Young's Rule 60(b) motion was, in substance, a successive § 2255 motion, he was required to comply with AEDPA and obtain this Court's authorization before filing it in the district court. *See Farris*, 333 F.3d at 1216. Without our authorization, the district court lacked jurisdiction to consider the motion, *id.*, and should have dismissed it for lack of jurisdiction rather than summarily denying it, *see Franqui v. Florida*, 638 F.3d 1368, 1375 (11th Cir. 2011) (vacating the denial of a Rule 60(b) motion and remanding with instructions to dismiss the motion for lack of subject-matter jurisdiction as an unauthorized successive habeas petition). Accordingly, we vacate and remand with instructions to dismiss the motion for lack of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**