[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12064
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60960-WPD


ALAN RUFF,

                                                       Petitioner-Appellant,

                              versus


FLORIDA DEPARTMENT OF CORRECTIONS,
Julie L. Jones, Secretary,

                                                       Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2020)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Alan Ruff, a state prisoner proceeding *pro se*, appeals the district court's denial of his motion for relief, filed pursuant to Fed. R. Civ. P. 60(b), from an earlier judgment denying his petition for a writ of habeas corpus, which he had filed pursuant to 28 U.S.C. § 2254. On appeal, Ruff argues that the district court erred by not considering a ground for relief that he raised in his initial § 2254 petition, but that he did not raise in his amended petition. The facts are known to the parties; we do not repeat them here except as necessary to resolve the legal issues before us.

In every case, we must ensure that the district court had jurisdiction to consider the case on the merits. *Boyd v. Homes of Legend, Inc*., 188 F.3d 1294, 1297–98 (11th Cir. 1999). If the district court lacked jurisdiction to consider a case on the merits, we possess jurisdiction on appeal solely to correct the district court's error.[1] *Id.* at 1298. Federal courts are under an obligation to look beyond the label of a motion filed by a *pro se* inmate and determine whether the motion is cognizable under a different remedial statutory framework. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

---

[1] We review issues of subject-matter jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

2

A Rule 60(b) motion for relief from judgment on a § 2254 petition constitutes a successive habeas petition if it seeks to add a new ground for relief or challenges the district court's prior resolution of a claim on the merits, but not when it attacks a defect in the integrity of the § 2254 proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). A Rule 60(b) motion is appropriate in a habeas proceeding only when the petitioner does not assert, or reassert, claims of error in the state-court conviction. *Franqui v. Fla.*, 638 F.3d 1368, 1371–72 (11th Cir. 2011). Regardless of how a Rule 60(b) motion is characterized, if its basic objective is to advance an additional claim for habeas relief, it must be treated as a successive habeas petition. *Id.* at 1372. Without authorization, the district court lacks jurisdiction to consider a successive § 2254 petition. *Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019), *cert. denied sub nom., Bowles v. Inch*, 140 S. Ct. 26 (2019).

Here, the district court lacked jurisdiction to consider Ruff's purported Rule 60(b) motion because it was actually an unauthorized successive § 2254 petition. *See Crosby*, 545 U.S. at 530–32; *Bowles*, 935 F.3d at 1180. Ruff attempted to raise a ground for relief that he did not raise in the operative pleading in his original § 2254 proceeding. The basic objective of the motion was to obtain review on the merits of an additional claim for habeas relief, which disqualified it as a valid Rule 60(b) motion. *See Franqui*, 638 F.3d at 1371–72. Accordingly, we construe the

district court's order denying the motion as a dismissal for lack of jurisdiction and affirm with that understanding.  *See Boda v. United States*, 698 F.2d 1174, 1177 (11th Cir. 1983) (affirming the dismissal of an action but modifying it so as to rest on an absence of jurisdiction); *see also* 28 U.S.C. § 2106 (authorizing courts of appeals to modify district court orders).

**AFFIRMED.**