[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12804

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00066-CV-RV-EMT

EDWARD J. ZAKRZEWSKI, II,

Petitioner-Appellant,

versus

JAMES McDONOUGH, Secretary,
Florida Department of Corrections,
BILL McCOLLUM, Attorney General
of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 3, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Edward J. Zakrzewski ("Petitioner") appeals the district court's

denial of his motion seeking post-judgment relief pursuant to Fed. R. Civ. P. 60(b)

on the basis that his former habeas counsel, John W. Nall ("Nall"), perpetrated a fraud on the court. The district court construed Petitioner's 60(b) motion to be a second or successive habeas petition and denied the motion for lack of jurisdiction. Because we conclude that Petitioner's 60(b) motion was no second or successive habeas petition, we vacate the district court's judgment and remand for consideration of the merits of the motion.

## I. Background

Petitioner was convicted and sentenced to death for the 1994 murders of his wife and two children. On direct appeal, Petitioner's convictions and death sentence were affirmed. Zakrzewski v. State, 717 So. 2d 488 (Fla. 1998). Petitioner then sought and was denied post-conviction relief in state court. Zakrzewski v. State, 866 So. 2d 688 (Fla. 2003). Later, the district court denied Petitioner federal habeas relief; and this Court affirmed. Zakrzewski v. McDonough, 455 F.3d 1254 (11th Cir. 2006) ("Zakrzewski I"), cert. denied, 127 S. Ct. 2051 (2007). Petitioner then sought relief from judgment under Fed. R. Civ. P. 60(b).

Petitioner alleges these facts, which we assume are true for purposes of this appeal. In January 2004, Petitioner's state post-conviction counsel, Baya Harrison

2

("Harrison"),[1] sent a letter to Petitioner asking him to sign and to return a proposed federal habeas petition to prevent it from being time-barred. The letterhead on the transmittal letter read "Harrison and Nall, Attorneys at Law." In the letter, Harrison informed Petitioner that Harrison would continue to work on the case but that Nall would "sign the pleadings as the attorney" because Nall, and not Harrison, was admitted to practice before the United States District Court for the Northern District of Florida. Petitioner then signed and returned the federal habeas petition. Soon thereafter, Petitioner sent letters to Harrison, Nall, and the state courts, in which Petitioner complained that he had never heard of nor met Nall before he signed the federal habeas petition, that the petition was inadequate, and that he had only signed the petition under the threat of being time-barred.

In February 2004, Nall filed Petitioner's federal habeas petition, which Nall had signed as Petitioner's counsel. Two weeks later, Nall filed a motion seeking appointment as Petitioner's counsel under the Criminal Justice Act during Petitioner's federal habeas proceedings. In that motion, Nall represented to the district court, among other things, these facts: (1) that he was the partner of Harrison; (2) that he was thoroughly familiar with Petitioner's case; and (3) that he

---

[1] Harrison had been appointed earlier by the state courts and was still Petitioner's state "registry counsel" when the federal petition was filed.

had a "good relationship" with Petitioner. On 11 March 2004, the district court granted the motion to appoint and to pay Nall as Petitioner's counsel, nunc pro tunc to 13 November 2003. In April 2004, Petitioner filed a complaint against Nall with the Florida Bar, alleging that Petitioner had never met with or discussed his case with Nall, the habeas petition prepared by Nall was inadequate, and Nall had not kept Petitioner reasonably informed.

It was not long before Petitioner expressed his dissatisfaction with his counsel to the district court. On 4 May 2004, Petitioner filed pro se an emergency motion for the appointment of new counsel, which alleged that Petitioner had never met with or discussed his case with Nall and Nall had not cooperated with Petitioner's requests for information. Petitioner asserted that he had consented to Nall's representation only under the threat of time-bar, that Nall's representation was incompetent, and that Petitioner had filed a bar complaint against Nall. The district court summarily denied this motion on 7 June 2004.

On 19 July 2004, after the habeas petition, response, and reply were submitted and while the parties awaited the decision of the court, Nall filed a motion to withdraw, which informed the district court that Nall did not have a good relationship with Petitioner and that Harrison would no longer be assisting with the case. The district court summarily denied this motion the following day.

When Petitioner continued to file pro se pleadings, the district court ordered these papers returned to Petitioner, reasoning that Petitioner had appointed counsel and could not file pleadings pro se. On 24 August 2004, Petitioner filed a final motion to dismiss counsel and proceed pro se, which reiterated Petitioner's dissatisfaction with the quality of Nall's representation, alleged that Nall was uncooperative and had refused to talk with Petitioner or file his pro se papers, and reminded the court that Petitioner had filed a bar complaint against Nall. That motion was summarily denied.

On 30 September 2004, the district court issued an order denying the petition for writ of habeas corpus. We affirmed the district court's denial of the petition for writ of habeas corpus. Zakrzewski I, 455 F.3d at 1261.

While Petitioner's federal habeas appeal to this Court was pending, Petitioner, through new counsel, filed in the district court a motion for relief from judgment under Fed. R. Civ. P. 60(b), asserting fraud on the court as well as on Petitioner. Petitioner alleged that Nall had made fraudulent representations to the district court in obtaining appointment as Petitioner's counsel and fraudulent representations to Petitioner in obtaining Petitioner's consent to Nall's representation. He also argued that this fraud "denied Petitioner of his right to due

5

process and his right to full and fair access to [the district court], and it subsequently led to the denial of Petitioner's habeas petition."

While the district court was considering Petitioner's motion, Petitioner pursued in this Court his appeal of the denial of habeas relief. Petitioner's initial appellate brief included extensive arguments about the denial of his motion for new counsel, and argued that the district court "should have realized that Nall was not thoroughly familiar with Zakrzewski's case, that he did not know Zakrzewski, [and] that he was not acting on Zakrzewski's behalf." The Warden successfully sought to strike this part of the brief as beyond the scope of the certificate of appealability. Petitioner then moved this Court to expand the certificate of appealability, but we declined.

Meanwhile, the district court summarily denied Petitioner's 60(b) motion for lack of jurisdiction. Petitioner then filed a motion under Rule 59(e) to alter or amend the judgment. The district court denied the 59(e) motion and explained that, under Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005), Petitioner's 60(b) motion was a second or successive habeas petition that the district court was without jurisdiction to hear.[2] The district court reasoned that, in examining the

_____

[2]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars a district court from hearing a "second or successive" habeas petition based on a new claim unless the court of appeals has determined that the new claim is based on either (1) a new and retroactive rule of

true "nature of the Rule 60(b) motion, rather than the substance of the motion itself," Petitioner's allegations of fraud by Nall were in essence a claim for ineffective assistance of counsel during the federal habeas proceedings. After concluding that Petitioner was "in reality seeking to present new claims which were omitted by his previous counsel," the district court denied Petitioner's 59(e) motion and reaffirmed the denial of Petitioner's 60(b) motion for lack of jurisdiction. The district court granted a certificate of appealability on the denial of the 60(b) motion: the final order from which this appeal lies.

## II. Discussion

We review de novo questions on the jurisdiction of the district court. United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998) (per curiam).

If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion. In Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005), the Supreme Court discussed criteria for determining when a Rule 60(b) motion in a habeas case should be treated as an attempt to circumvent the AEDPA limitations on second or successive petitions. The Court held that "a Rule 60(b)(6) motion in a § 2254 case

---

constitutional law or (2) new facts showing a high probability of actual innocence. 28 U.S.C. § 2254(b).

is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538, 125 S. Ct. at 2651.

In this case, the district court erred in concluding that Petitioner's 60(b) motion was a successive habeas petition that the district court was without jurisdiction to hear. Petitioner's motion does not assert or reassert allegations of error in his state convictions. Thus, Petitioner's 60(b) motion is not a second or successive habeas petition, and the district court has jurisdiction to consider the motion and to decide its merits.

Though we express no opinion on the merits of Petitioner's motion, we note that our precedents set a high standard for granting postjudgment relief under Rule 60(b). "'Fraud upon the court' . . . embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). We encourage the district court to consider the following several questions of fact as it determines whether Petitioner has established "sufficiently extraordinary" circumstances, Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000), that would entitle him to relief under Rule 60(b): (1) whether Nall made a material

8

misrepresentation to Petitioner, upon which he relied to his detriment, regarding the filing of Petitioner's petition for habeas relief; (2) whether Nall made a material misrepresentation to the district court upon which it relied in its decision to appoint Nall as counsel; (3) whether Petitioner ratified any alleged wrongful acts by Nall; (4) whether and to what extent the district court considered the alleged misrepresentations of Nall when the district court denied Petitioner's motion for new counsel; (5) whether and to what extent the district court considered the alleged misrepresentations of Nall when the district court denied Nall's motion to withdraw; and (6) whether and to what extent the district court considered the alleged misrepresentations of Nall when the district court denied Petitioner's motion to proceed pro se.

### III. Conclusion

We vacate the district court's denial of Petitioner's 60(b) motion for lack of jurisdiction and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**