[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2008
THOMAS K. KAHN
CLERK

No. 06-16614
Non-Argument Calendar

_____

D. C. Docket Nos. 06-14280-CV-KMM & 96-14005-CR-KMM

KEVIN G. HUNT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 29, 2008)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

We granted Kevin G. Hunt, a federal prisoner proceeding pro se, a certificate of appealability on the question of whether the district court erred by treating his Rule 60(b) motion as an impermissibly successive 28 U.S.C. § 2255 motion to vacate. The government concedes that the district court improperly treated Hunt's Rule 60(b) motion as an unauthorized § 2255 motion.

We review de novo questions on the jurisdiction of the district court, including whether a Rule 60(b) motion is a second or successive habeas petition. Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007).

A Rule 60(b) motion provides a "limited basis" for a party to seek relief from a final judgment in a habeas case. See Fed. R. Civ. P. 60(b); Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion is not a successive habeas petition "if it does not assert, or reassert, claims of error in the movant's state conviction." Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). Where the Rule 60(b) motion does not attack the "substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the court should not construe it as a habeas corpus application. Id. at 532.

Hunt's pro se Rule 60(b) motion sought to remedy defects in his § 2255 habeas proceeding. Hunt argued that the district court at his initial § 2255 hearing

2

failed to consider all of the issues he raised in his § 2255 habeas motion, and he alleged problems with his appointed counsel. Hunt did not argue the merits of his § 2255 motion in his Rule 60(b) motion. Rather, he argued there were defects in the integrity of the hearing. As Hunt's Rule 60(b) motion claimed a defect in the process of his prior habeas proceedings, the district court erred in construing it as a successive habeas corpus application. See Gonzalez, 545 U.S. at 532. Without passing judgment on the merits of Hunt's Rule 60(b) motion, we vacate and remand to the district court so it can properly address the merits of his motion as a Rule 60(b) motion.

**VACATED AND REMANDED.**