[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15930

_____

D. C. Docket No. 04-00066-CV-RV-EMT

EDWARD J. ZAKRZEWSKI, II,

Petitioner-Appellant,

versus

WALTER A. MCNEIL, Secretary Florida
Department of Corrections,
BILL MCCOLLUM, Attorney General of
Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 9, 2009)

Before DUBINA, Chief Judge, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal is from the denial of Petitioner's Fed. R. Civ. P. 60(b) motion for relief from judgment.[1] The motion was seeking relief from the denial of Petitioner's action for post-conviction relief under 28 U.S.C. § 2254. Briefly stated, the issue is whether the lawyer who represented Petitioner in the section 2254 proceeding was authorized to represent Petitioner at all. Petitioner has contended that the lawyer was totally unauthorized because the lawyer's ostensible authority had been gained by fraud on Petitioner and later, by fraud on the district court.

The district court found that Petitioner was not defrauded by the lawyer: the lawyer made no material misrepresentations and Petitioner did not rely on the lawyer's representations to Petitioner's detriment. In addition, apart from the authority Petitioner vested in the lawyer, the Court independently vested the lawyer with the needed authority to represent Petitioner when the Court appointed the lawyer to represent Petitioner. The district court has found that no misrepresentation made by the lawyer to the district court was material to that court when it made the pertinent appointment and that the district court did not rely on misrepresentations when the appointment was made.

---

[1]For further background, see Zakrzewski v. McDonough, 490 F.3d 1264 (11th Cir. 2007).

For the reasons set out here and in the district court's order, we conclude that the district court did not abuse its discretion in denying Rule 60(b) relief.[2]

AFFIRMED.

---

[2]Petitioner contends that the district court abused its discretion by finding facts without holding an evidentiary hearing. We doubt an abuse occurred, but we decline to examine the arguments because they are beyond the scope of the COA. See Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999).