[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13199
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-23288-CMA
1:03-cr-20678-CMA-1


JABORIE BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Jaborie Brown, a federal prisoner proceeding pro se, appeals the district court's dismissal of his motion, made pursuant to Federal Rule of Civil Procedure 15(c), to amend his original 28 U.S.C. § 2255 motion to vacate. Brown's motion also sought relief from the final decision on his original § 2255 motion under Federal Rule of Civil Procedure 60(b). In the original § 2255 motion, Brown sought relief from his 2004 convictions and 634-month sentence for robbery, possession with intent to distribute cocaine, possession of a firearm in furtherance of a crime of violence or drug-trafficking crime, and conspiracies to commit the same. The district court construed Brown's instant motion as, in substance, an unauthorized second or successive § 2255 motion, which it did not have subject-matter jurisdiction to consider. On appeal, Brown argues that the court dismissed his motion in error, and contends that Rule 15(c) motions made after final judgment should be granted and the judgment vacated.

We review the district court's subject-matter jurisdiction de novo. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (per curiam). A federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate his sentence in the district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(a). A prisoner may not, however, file a second or successive motion under § 2255 without prior certification from this court. *See* 28 U.S.C. § 2255(h). Absent such

2

permission, the district court lacks jurisdiction to address the motion and must dismiss. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

We look beyond the label of a prisoner's post-conviction motion to determine if he is, in substance, seeking relief under § 2255. *See, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (construing a prisoner's Rule 60(b) motion as a successive habeas petition). Where a prisoner seeks such relief under the guise of a different label, the district court should construe the motion as a § 2255 motion and dismiss it as successive if the prisoner has not obtained authorization to file a successive motion. *See Holt*, 417 F.3d at 1175.

Here, the district court correctly looked beyond the label attached to Brown's motion and construed it as, in substance, a successive § 2255 motion because Brown, who has already filed five prior collateral attacks on his conviction, was attempting to raise substantive claims for relief from his sentence. Since Brown made his motion without first obtaining leave from this court,[1] the district court correctly determined that it lacked subject matter jurisdiction to entertain the motion. *See id.* Accordingly, the district court's decision is affirmed.

**AFFIRMED.**

---

[1] In his appellate brief, Brown requests, for the first time, leave to file his claims in a successive § 2255 motion. However, Brown cannot convert his brief into an application to file a successive § 2255 motion. *See* 11th Cir. R. 22-3 (stating that "applicants seeking leave to file a second or successive habeas corpus petition . . . must use the appropriate form provided by the clerk of this court").