[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14808
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21674-CMA


JORGE ECHEMENDIA,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 27, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Jorge Echemendia, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his purported Federal Rule of Civil Procedure 60(b) motion. The district court construed that motion as an unauthorized successive 28 U.S.C. § 2254 petition and dismissed it for lack of jurisdiction.

In 1996 Echemendia was charged with first-degree murder. A jury found him guilty. The Florida circuit court sentenced him to life imprisonment, and the Florida appellate court affirmed his conviction and sentence. He filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel, which was denied; moved for postconviction relief based on an alleged Brady violation, which was denied; and appealed the denial of that motion for postconviction relief, which was affirmed.

In 2007 Echemendia filed a § 2254 petition raising 15 claims, three of which are relevant to this appeal: (1) that the prosecutor failed to disclose a plea agreement between the State and its key witness; (2) that the trial court improperly admitted a deputy's testimony without determining his unavailability, and trial counsel was ineffective in failing to object to that testimony; and (3) that counsel was ineffective in failing to object to a detective's testimony. The district court dismissed that petition and we denied Echemendia's motion for a certificate of appealability.

2

In 2016 Echemendia filed a <u>pro se</u> motion styled as a "Motion for Relief from Judgment" under Rule 60(b)(3), (6). That motion raised essentially the same three grounds for relief as his § 2254 petition: (1) that the prosecutor's failure to disclose a plea deal between the State and its key witness worked a fraud on the federal habeas court; (2) that the state court deprived him of due process by denying relief without a hearing as to his claim that counsel failed to object to the admission of the deputy's former testimony; and (3) that the state court erred in denying relief without an evidentiary hearing as to his claim that counsel's failure to object to the detective's testimony was ineffective assistance. The district court construed his motion as an unauthorized successive § 2254 petition and dismissed it for lack of jurisdiction. This is Echemendia's appeal.

We review <u>de novo</u> questions of the district court's jurisdiction, including whether a Rule 60(b) motion is a successive habeas petition. See <u>Zakrzewski v. McDonough</u>, 490 F.3d 1264, 1267 (11th Cir. 2007). We liberally construe filings by <u>pro se</u> litigants. See <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007). A Rule 60(b) motion provides a "limited basis" for a party to seek relief from a final judgment in a habeas case. <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion may be used to challenge only a "defect in the integrity of the federal habeas proceedings" — not the "resolution of a claim on the merits." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532, S. Ct. 2641, 2648 (2005).

Echemendia contends that his motion is a "true" 60(b) motion because it raises claims of fraud on the federal habeas court based on the prosecutor's earlier alleged fraud on the state trial court as well as claims that the absence of an evidentiary hearing affected the integrity of his § 2254 proceedings.   The district court properly construed Echemendia's nominal Rule 60(b) motion as a successive § 2254 petition because his motion essentially repackages three claims from his previous § 2254 petition into a Rule 60(b) motion.  See id. (holding that a nominal Rule 60(b) motion is a successive § 2254 petition where it attacks "the substance of the federal court's resolution of a claim on the merits" instead of "some defect in the integrity of the federal habeas proceedings").[1]

Echemendia raised both of his ineffective assistance claims in his § 2254 petition.  The district court explained that no evidentiary hearing was necessary because, even if counsel's failures to object were erroneous, Echemendia could not show prejudice under Strickland because other testimony corroborated the officers' testimony.  Echemendia's argument that the court erred by denying his ineffective

---

[1] Alternatively, even if we construed the motion as a Rule 60(b) motion, it would be untimely.  Claims for relief under Rule 60(b)(3) must be made within "a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  The deadline for a Rule 60(b)(3) motion in the § 2254 proceedings was December 15, 2009.  Echemendia filed his motion 2,211 days after that date.  Although Echemendia argues that he could not bring his fraud claim earlier because of newly discovered evidence, namely, an undisclosed plea agreement, petitioners must bring claims based on newly discovered evidence in a precertified successive habeas petition — not a Rule 60(b) motion.  See 28 U.S.C. § 2244(b)(2)(B); Crosby, 545 U.S. at 532, 125 S. Ct. at 2648 (holding that Rule 60(b) is an improper vehicle to present new evidence in support of a claim raised in a habeas proceeding because it would "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar").

assistance claims without an evidentiary hearing is nothing more than an attack on the habeas court's judgment and, as a result, impermissibly attempts to relitigate the merits.  See Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.").

Echemendia's remaining claim — that the prosecutor's failure to disclose a plea deal between the State and its key witness worked a fraud on the federal habeas court — fails for the same reason.  He raised an essentially identical claim in his § 2254 petition, and as a result, the purported Rule 60(b) motion is an attack on the court's resolution of his habeas claim.  See Crosby, 545 U.S. at 532, 125 S. Ct. at 2648; Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court . . . then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.").

Because the district court properly construed Echemendia's motion as a successive § 2254 petition, and because he failed to obtain our permission to file that petition as required under 28 U.S.C. § 2244(b)(3)(A), the court properly dismissed the motion for want of jurisdiction.

**AFFIRMED.**

5