[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10898
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cv-24393-WPD,
1:12-cr-20572-WPD-1


JULIUS WAYNE BAKER,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2020)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

    Julius Wayne Baker, a federal prisoner, appeals *pro se* the dismissal of his

postconviction motion. Baker styled his motion as one seeking relief from

judgment, Fed. R. Civ. P. 60(d), but the district court treated Baker's filing as a motion to vacate and dismissed for failure to obtain leave to file a second or successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We affirm.

In 2013, the district court sentenced Baker to 292 months of imprisonment following his pleas of guilty to trafficking and to attempting to traffic a minor for sex, 18 U.S.C. §§ 1591, 1594(a). In 2014, Baker filed a motion to vacate, which the district court denied on the merits. 28 U.S.C. § 2255. We denied Baker's application for a certificate of appealability, and the Supreme Court denied his petition for a writ of certiorari.

In January 2019, Baker filed an "Independent Action, pursuant to F. R. Civil P. Rule 60(d)(3)." Baker argued that the prosecutor had committed a fraud on the court by withholding information concerning witness perjury and by using "lies" told by the victim to force Baker to plead guilty. Baker also challenged the validity of his guilty pleas and the information in his presentence investigation report.

The district court interpreted Baker's filing as a second motion to vacate because his "conclusory allegations of fraud relate to [his] criminal case and not [to] the previous § 2255 motion." Because Baker had not obtained leave to file a second motion, the district court dismissed his motion for lack of jurisdiction. Baker filed a motion to reconsider, which the district court denied.

2

We review *de novo* issues concerning the jurisdiction of the district court, including whether a motion for relief from a judgment under Federal Rule of Civil Procedure 60 is a second or successive motion to vacate. *See Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). We review the denial of a motion to reconsider for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir.), *cert. denied sub nom*, *Llewlyn v. United States*, 138 S. Ct. 2585 (2018).

A prisoner may move to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The Rule 60(d) motion must "attack . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a petition for a writ of habeas corpus under 28 U.S.C. § 2254). If the prisoner challenges a "federal court's previous resolution of a claim on the merits" or "seeks to add a new ground for relief," his filing must be treated as a motion to vacate, 28 U.S.C. § 2255. *See Gonzalez*, 545 U.S. at 532.

The district court did not err by treating Baker's filing as a motion to vacate. 28 U.S.C. § 2255. Baker's motion attacked the integrity of his trial, not his previous postconviction proceeding. *See Gonzalez*, 545 U.S. at 532. He challenged the merits of his underlying conviction and sentence by alleging fraud by those involved in his trial proceedings.

3

The district court lacked jurisdiction to entertain Baker's motion. The district court dismissed Baker's first motion to vacate on the merits and he has not sought permission from this Court to file a successive motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive [motion]." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

The district court also did not abuse its discretion by denying Baker's motion to reconsider. "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). Baker's motion for reconsideration repeated the arguments raised in his initial motion.

We **AFFIRM** the dismissal of Baker's motion.