[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13787
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cr-00006-HLM-WEJ-1


RANDALL SCOTT ANDERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2020)

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Randall Anderson, a *pro se* federal prisoner, appeals from the denial of his post-judgment motion for judicial notice, which challenged the credentials of the prosecutors involved in his conviction.

We review *de novo* whether the district court had subject-matter jurisdiction. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). And we review *de novo* whether a 28 U.S.C. § 2255 motion is successive such that a district court lacks jurisdiction to consider it without prior authorization. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).

A federal prisoner who has previously filed a § 2255 motion in federal court must obtain authorization from this Court before filing a "second or successive" collateral attack on the same conviction. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)(1). Without authorization, the district court lacks jurisdiction to consider a successive § 2255 motion and must dismiss the claims presented. *Id.* § 2244(b)(4); *In re Bradford*, 830 F.3d 1273, 1276 (11th Cir. 2016). A § 2255 motion is "second or successive" if the defendant previously filed a § 2255 motion and that motion was denied on the merits. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). We look beyond the label of a prisoner's filing to determine if he is, in substance, seeking relief under § 2255. *See, e.g.*, *id.* (construing a federal prisoner's Rule 60(b) motion as a successive § 2255 motion). The district court

2

does not err in construing a motion as a successive § 2255 motion where a prisoner moves to vacate his sentence after having previously filed a § 2255 motion. *Id.*

Here, Anderson has filed a previous § 2255 motion to vacate his four claims. The district court denied this motion. This Court granted Anderson a Certificate of Appealability and affirmed that denial.

Anderson then filed a motion for judicial notice, arguing that the prosecutors in his case were not properly appointed officers of the United States. The district court denied this motion, concluding that it was an attack on the merits of conviction, and was therefore a successive § 2255 motion. The court held that it did not have jurisdiction to consider the motion unless Anderson obtained permission from this Court to file a successive motion. Subsequently, Anderson filed a second motion for judicial notice, in which he argued that his indictment was invalid because his prosecutors were not duly appointed. The district court denied this motion as well, construing it as a successive § 2255 motion filed without permission from this Court.

The district court did not err in construing Anderson's motion as a successive § 2255 motion because he sought to vacate his conviction and sentence after having previously filed a § 2255 motion that was denied with prejudice. *See Farris*, 333 F.3d at 1216. Anderson's motion sought to have his conviction and sentence vacated by requesting that the district court dismiss his indictment with

prejudice.  His motion was therefore properly characterized as brought under § 2255.  As a successive § 2255 motion, it could not have been filed without permission from this Court, which Anderson did not receive.  The district court was therefore without subject matter jurisdiction to consider the motion.

In addition, Anderson has abandoned any challenge to the district court's conclusion that the motion below was a successive § 2255 motion because he does not raise such a challenge in his briefing on appeal.

**AFFIRMED.**[1]

---

[1] We also deny Anderson's motion requesting that the government file a response brief.