[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13326
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cv-60303-WJZ

JEFNEY PHILISTIN,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2020)

Before LUCK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jefney Philistin, a pro se Florida state prisoner, appeals from the denial of his

post-judgment motions challenging the adjudication of his 28 U.S.C. § 2254 petition,

claiming that the district court mistakenly failed to hold an evidentiary hearing to

examine the state court's failure to have Philistin's competency examined by multiple experts. This is not the first time Philistin has challenged the state court competency decision in a § 2254 petition. In 2009, Philistin filed his first § 2254 petition, arguing that the trial court erred by not evaluating his competency to stand trial. In 2016, Philistin filed a series of motions to amend, supplement, or reconsider his original § 2254 petition, which the district court denied as untimely and inappropriate. On appeal of that order, we construed Philistin's motions collectively as an application to file a second or successive habeas petition and affirmed the district court, concluding that the district court lacked subject matter jurisdiction over Philistin's 2016 application. In 2018, Philistin again filed numerous motions to amend, supplement, or reconsider his original § 2254 petition, and the district court again denied this round of motions as being untimely and inappropriate. In the instant appeal of that order, Philistin argues that the district court fundamentally erred and violated his Due Process rights by failing to hold an evidentiary hearing to complete the evidentiary record concerning the state court's competency evaluation, that there was substantial evidence that he was incompetent, and that the magistrate judge fraudulently falsified the record by stating that there was no record evidence that he was incompetent to stand trial. After careful review, we affirm.

We review de novo the district court's subject matter jurisdiction. Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007). We also review de novo

2

whether a petition for a writ of habeas corpus is successive, and, thus, whether the district court lacked jurisdiction to consider it without prior authorization.  Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017).

A state prisoner who has previously filed a § 2254 petition in federal court must obtain authorization from this Court before filing a "second or successive" collateral attack on the same conviction.  28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a successive § 2254 petition and must dismiss the claims presented therein.  Id. § 2244(b)(4); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009).  A § 2254 petition is "second or successive" if the petitioner filed a prior § 2254 petition attacking the same judgment that was denied or dismissed with prejudice.  Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999).  We look beyond the label of a prisoner's filing to determine if he is, in substance, seeking relief under § 2254.  See Franqui v. Florida, 638 F.3d 1368, 1374-75 (11th Cir. 2011) (construing a state prisoner's Rule 60(b) motion as a successive habeas petition).  A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.  28 U.S.C. § 2244(b)(1).

When a petitioner's motion does not raise a claim based on the merits of his § 2254 petition, however, that motion should not be treated as a successive habeas petition.  Gonzalez v. Crosby, 545 U.S. 524, 533 (2005) (holding that a Rule 60(b)

3

motion challenging a district court's application of the statute of limitations was not successive); see also Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007) (holding that a Rule 60(b) motion alleging only fraud upon the court was not successive under Gonzalez). Nevertheless, a petitioner's lack of diligence in raising a procedural error in a Rule 60(b) motion weighs negatively against reversal. See Gonzalez, 545 U.S. at 537-38. A Rule 60(b) motion must be brought "within a reasonable time," or, if the motion is based on Rule 60(b)(1)-(3), "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

In this appeal, Philistin appears to argue, once again, the merits of his original 2009 habeas petition by challenging the district court's failure to expand the state court record concerning his competency. That is, by asking for an evidentiary hearing on the district court's reading of the state court record, Philistin seeks to force the district court to reexamine its previous decision that the state court did not err in its determination that he was competent to stand trial. Therefore, Philistin again has raised the merits of the claim presented in his original habeas petition by asking for an evidentiary hearing, and the district court lacked subject matter jurisdiction to consider that claim. See 28 U.S.C. § 2244(b)(3)(A) (providing that a petitioner must receive this Court's permission to file a second or successive habeas petition); Guenther, 173 F.3d at 1329.

4

Moreover, even if we were to broadly construe Philistin's motions as a collective Rule 60(b) motion to reopen that does not challenge the merits of his § 2254 petition, his motions are untimely.  <u>See</u> Fed. R. Civ. P. 60(c) (noting that Rule 60(b) motions must be brought within a reasonable time).  It has been eight years since the district court denied Philistin habeas relief.  An eight-year delay in challenging the district court's failure to hold an evidentiary hearing is not "a reasonable time."  <u>See</u> <u>id</u>.  Accordingly, we affirm.

**AFFIRMED**.