**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 30, 2023**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALAN EDUARDO CHAVARIN,

    Defendant - Appellant.

No. 21-4105
(D.C. Nos. 2:20-CV-00605-DBB &
2:16-CR-609-DB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Alan Eduardo Chavarin, a federal prisoner, appeals from a district court order

denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for possessing

heroin with intent to distribute.  This court issued a certificate of appealability (COA) as

to whether trial counsel provided ineffective assistance at the plea stage.  Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

During a routine traffic stop, officers discovered 8.4 pounds of heroin in Chavarin's vehicle.  The government charged him with one count of possessing heroin with intent to distribute, which carried a mandatory 10-year minimum sentence and a maximum of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(i).  Chavarin retained defense counsel.

Defense counsel engaged in plea negotiations with the government, where the mandatory minimum sentence was a main issue.  The prosecutor told counsel that Chavarin faced the mandatory 10-year minimum because he was not safety-valve eligible.  Counsel sought to confirm that Chavarin faced "a mandatory 10 years." R., vol. I at 131.  The prosecutor replied that he would be "shocked" if Chavarin could avoid the minimum sentence, and at sentencing he would likely "recommend the ten years," *id.* at 129.  The discussions failed to produce a deal, and Chavarin went to trial, where the focus was his motivation for transporting the heroin.

Chavarin testified that he was transporting the heroin under duress for a drug cartel who had threatened him and his family.  But on cross-examination, he was unable to provide details about the threats, and he admitted not mentioning the threats to officers while telling them he was transporting the heroin to pay off a debt.  The jury rejected his duress defense and convicted him as charged.

At sentencing, the district court gave Chavarin a two-level obstruction-of-justice enhancement for asserting a bogus defense, resulting in a total offense level of 34.  Based on that offense level and Chavarin's category III criminal history, the resulting guidelines

sentencing range was 188 to 235 months' imprisonment.  The district judge sentenced Chavarin at the low end of the range, 188 months' imprisonment, and stated that he would have imposed a 10-year sentence but for Chavarin taking "th[e] witness stand and actually committ[ing] perjury."  R., vol. IV at 123.  This court affirmed.  *See United States v. Chavarin*, 810 F. App'x 631, 633 (10th Cir. 2020).

Chavarin then filed a pro se § 2255 motion in the district court to vacate his conviction and sentence.  Among other things, Chavarin argued that defense counsel provided ineffective assistance because "pleading guilty was never discussed with [him]."  R., vol. I at 36.  Counsel allegedly advised him he "had nothing to loose [sic]" by going to trial because "for both trial and guilty plea, [he] would be given the same ten (10) years' *maximum* sentence."  *Id.* at 35-36 (emphasis added; quotation marks omitted). According to Chavarin, if counsel had properly advised him, he would have pled guilty and would have faced a guidelines range of 108 to 135 months' imprisonment, based on his category III criminal history and a base offense level of 32, reduced to 29 for acceptance of responsibility.  *See id.* at 42.  The government filed an opposition brief, attaching emails between defense counsel and the prosecutor regarding their plea communications.

The district court ordered the parties "to submit the evidence they would otherwise present under oath at an evidentiary hearing to address" Chavarin's § 2255 claims. Suppl. R. at 2.  Chavarin responded that he did "not have any new evidence," and he directed the court's attention to the emails between the prosecutor and defense counsel. R., vol. I at 238.  The government submitted a declaration from defense counsel, who

said he visited Chavarin at least four times while he was in custody and that many of their discussions concerned "pierc[ing] the ten-year minimum mandatory sentence he was subjected to by virtue of his criminal charge." *Id.* at 243. Regarding "Chavarin's assertion that his sentence would be the same whether he proceeded to trial or not, [defense counsel] d[id] not have a recollection of specific conversations." *Id.* at 244. Counsel did assert, however, that "[a]ny plea offers made by the prosecution were conveyed to Mr. Chavarin" and that his discussions with Chavarin included "possible options as well as potential concerns of proceeding to trial." *Id.* at 243-44.

The district court denied Chavarin's § 2255 motion without a hearing, concluding that Chavarin failed to show that defense counsel's representation was deficient, given that his allegations were contradicted by the record, his own briefing, and defense counsel's declaration. The district court declined to issue a COA.

This court granted Chavarin a COA to consider "[w]hether counsel provided ineffective assistance at the plea stage, including when advising Mr. Chavarin about the sentencing advantages and disadvantages of pursuing a plea agreement." Order at 1, *United States v. Chavarin* (10th Cir. June 27, 2022).

## DISCUSSION
### I. Standard of Review

We review de novo a district court order denying § 2255 postconviction relief "where, as here, the district court does not hold an evidentiary hearing, but rather denies the motion as a matter of law upon an uncontested trial record." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011).

## II. Ineffective Assistance of Counsel

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant." *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022).

"Deficient performance is representation that falls below an objective standard of reasonableness." *Id.* at 1176-77 (internal quotation marks omitted). In regard to "prejudice[,] a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (internal quotation marks omitted).[1]

Chavarin argues that "[r]easonably effective assistance required counsel to advise [him] that he faced a potential sentence at trial of well above 10 years." Aplt. Suppl. Opening Br. at 9. He maintains "that a reasonably competent attorney would have known that [he] was exposed to a penalty of more than 10 years' imprisonment and would have

---

[1] Where the prejudice alleged is rejecting a plea offer and going to trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that . . . [he] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances[], that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed [at trial].

*Lafler*, 566 U.S. at 164.

explained that to [him] during plea negotiations." *Id.* Chavarin concludes that because "no evidence before the [district] court rebutted [his] statement that counsel failed to provide such advice," *id.*, the district court abused its discretion by not holding an evidentiary hearing, *id.* at 6, 10.

To the extent Chavarin faults the district court for not conducting an evidentiary hearing, that issue is beyond the scope of the COA and we decline to consider it. *See* 28 U.S.C. § 2253(c)(3) (confining review to the "specific issue[s]" outlined in the COA); *see, e.g.*, *Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) (declining to address a *Brady* claim that fell outside the scope of issues designated in the COA); *Zakrzewski v. McNeil*, 573 F.3d 1210, 1211 n.2 (11th Cir. 2009) ("Petitioner contends that the district court abused its discretion by finding facts without holding an evidentiary hearing. We doubt an abuse occurred, but we decline to examine the arguments because they are beyond the scope of the COA.").

As for Chavarin's claim that defense counsel performed deficiently in regard to advising him about the potential sentence he faced by proceeding to trial, we conclude the district court did not err. The email communications between defense counsel and the prosecutor show defense counsel's understanding that Chavarin faced a *minimum* sentence of ten years' imprisonment—whether he pled guilty or went to trial. Defense counsel's declaration indicated there were multiple discussions with Chavarin on that same topic. And the district judge at sentencing indicated he would have imposed no more than that sentence had Chavarin not lied on the stand in support of his duress

6

defense. Finally, counsel's declaration recounted that he relayed to Chavarin any plea offers from the government and they discussed the risks of proceeding to trial.

Chavarin does not identify any evidence showing that defense counsel advised him that his sentencing exposure was limited to ten years' imprisonment no matter how he proceeded.[2] "[W]e remain suspicious of bald, post hoc and unsupported statements that a defendant would have [pled guilty] absent counsel's errors . . . ." *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013). "Absent a showing to the contrary," we presume that "an attorney's conduct is objectively reasonable because it could be considered part of a legitimate trial strategy." *Babcock*, 40 F.4th at 1177 (internal quotation marks omitted). Thus, "[c]ounsel's performance must be completely unreasonable to be constitutionally ineffective, not merely wrong." *Wilson v. Sirmons*, 536 F.3d 1064, 1083 (10th Cir. 2008) (internal quotation marks omitted). Chavarin has not shown that defense counsel's performance during the plea stage was completely unreasonable. At most, counsel rendered "an erroneous strategic prediction about the outcome of . . . trial," *Lafler*, 566 U.S. at 174, which, by itself, does not constitute deficient performance, *see United States v. Parker*, 720 F.3d 781, 787 n.9 (10th Cir. 2013) (explaining that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance," whereas "counsel's failure to

---

[2] To the extent Chavarin's ineffective-assistance claim includes that defense counsel "never discussed" pleading guilty, R., vol. I at 36, the undisputed record evidence shows otherwise. *See id.* at 35-36 (Chavarin's district court brief, acknowledging that counsel's advice involved "both trial and guilty plea"); *id.* at 243 (counsel's declaration, explaining that "[t]he purpose of [his] visits" with Chavarin involved discussing the option of a guilty plea).

understand the basic structure and mechanics of the sentencing guidelines can rise to deficient performance under *Strickland*" (internal quotation marks omitted)).

## CONCLUSION

We affirm the district court's judgment and grant Chavarin's motion for leave to proceed in forma pauperis on appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge